**VAO F. MALAEPULE, KILISTINA T. SIAUMAU, and AFO TEMA for the AFO FAMILY, Objectors/Plaintiffs**

**v.**

**FA'AGAU LEFITI for the FA'AGAU FAMILY, Claimant/Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 44-90

March 13, 1996

Before KRUSE, Chief Justice, VAIVAO, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs Kilisitina T. Siaumau, and Afo Tema for the Afo Family, Charles V. Ala'ilima
For Defendant, Afoa Moega Lutu.

Order Denying Motion for Reconsideration/New Trial:

## HISTORY

In its order entered January 9, 1996, ("our order") this court resolved the present title dispute relating to the land Vasa'aiga ("disputed land") in favor of the Afo Family. Ten days following the judgment defendant Fa'agau Lefiti ("Fa'agau") filed a motion for reconsideration or new trial on the ground that the court misconstrued the facts presented at trial.

There are, essentially, six errors claimed in Fa'agau's motion: (1) that the court should have given stronger consideration to the fact that Fa'agau exercised pule (control) over the disputed land by signing separation agreements in order for members of the Fa'agau family to obtain construction permits to build homes on the land; (2) that Finagalo Aveina ("Finagalo") constructed an apartment building on the disputed land which would have been noticed and objected to by the Afo Family if they had actually owned the land; (3) that *Fa'anau v. Faumui*, 2 A.S.R. 228 (Trial Div. 1947), cited in our order at footnote 2, proves that Faumui Pisa, who lived on the disputed land, was a member of the Fa'agau family, and was present on the disputed land in that capacity; (4) that the decision was based on hearsay testimony; (5) that Fa'agau is entitled to the land by adverse possession; and (6) that land cannot be registered to the Afo family, an objector, because Fa'agau fails to prove his case.

## DISCUSSION

With respect to the first two claims of error, our order gave thorough treatment to these issues. Although Fa'agau may take issue with our interpretation of the facts, a trial court is a fact-finding tribunal. Interpreting facts is what a trial court does. The mere reiteration of arguments which have already been heard and rejected at trial is not likely to be more persuasive in a motion to reconsider. It is not persuasive in this case.

The third issue concerned this court's 1947 decision in *Fa'anau v. Faumui*, 2 A.S.R. 228 (Trial Div. 1947), which was cited in our order for the proposition that the parties in this case are not relatives. Fa'agau points out that Faumui Pisa testified that he was the senior matai of the Fa'agau family. *Id.* at 229. Although Faumui testified to that effect, he supported this testimony with a claim that "Fa'anau was his talking chief," and that his name was a Faganeanea title, facts which Fa'anau himself denied, claiming that Faumui was originally a Nu'uuli name. *Id.* The *Fa'anau* Court's decision is consistent with Fa'anau's rendition of these facts. *Id.* at 230.

■ Fa'agau claims, in a rather conclusory statement, that the decision was based on hearsay testimony. Although it is generally accepted that title to land cannot be evidenced by hearsay, *Talo v. Tavai*, 2 A.S.R. 63, 68 (Trial Div. 1939), an exception to the hearsay rule exists for the "communal land-tenure system", permitting the admission of oral family histories in the absence of "title documentation." *Toilolo v. Poti*, 23 A.S.R.2d 130, 132 (Land & Titles Div. 1993); *see Tupuola v. Tu'ufuli*, 1 A.S.R.2d 80, 81 (App. Div. 1983).

■ Furthermore, continuous use and possession of the land generally indicates ownership in Samoan tradition, and gives rise to a legal presumption of ownership. *Tupuola, supra*; *Talo, supra* at 68-70.[1] In our order we made explicit factual findings that evidence of possession and control of the disputed land preponderates in favor of the Afo family. Fa'agau's claim of title by adverse possession is inconsistent with this holding, and we have been given no persuasive reason to revisit it.

■ Fa'agau's final argument is that we cannot award title to an objector merely because a claimant fails to prove his case, and that the Afo family is required to make a separate survey of the land and a separate petition for registration before the court may award title to them. This is simply wrong.

> Section [0104] of Title [37] of the American Samoa Code does not indicate the manner in which conflicting claims may be adjudicated. In the absence of any particulars in this regard, the trial court may adjudicate in favor of both the applicant and objector, or the objector alone if the objector's claim is proven superior to that of the claimant . . . . There are case precedents of this fact. In Fiailoa v. Meredith (H.C.T.D. 1941) 2 A.S.R. 129, plaintiff applied to register a land as individually-owned land, however, the court ruled that land was the communally-owned land of the defendant's family and registration was effected accordingly.

*Leomiti v. Heirs of Malufau*, LT No. 63-77, slip. op. at 29 (Land & Titles Div. December 13, 1977) (citations omitted) *aff'd in. Te'o v. Fanene*, AP No. 13-78, slip op. (App. Div. February 21, 1980). In the present case we made explicit findings that the Afo family's claim to the disputed land

---

[1] Numerous additional authorities for this principle are cited on pages 9-10 of our order, and require no repetition here.

was superior to that of Fa'agau, and we have been given no persuasive reason to revisit this finding.

For the foregoing reasons, the motion for reconsideration/new trial is denied.

It is so ordered.